# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Theresa Gurley, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action File<br>) No. _____<br>) |
| Thomas Protective Service, Inc., | )<br>) COLLECTIVE ACTION COMPLAINT |
| Defendant. | )<br>) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Theresa Gurley, by and through counsel, files this Collective Action Complaint against Defendant Thomas Protective Service, Inc. ("Thomas Protective" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiff and similarly situated employees proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff and similarly situated employees overtime wages during the period three

years prior to the filing of this complaint, May 19, 2019 through May 19, 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

### A. Plaintiff Gurley

3. Plaintiff Theresa Gurley is a resident of Georgia in this judicial district and division.

4. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

5. Defendant hired Plaintiff in approximately December 2021.

6. Plaintiff continues to be employed by Defendant.

7. During her employment, Plaintiff routinely worked more than forty (40) hours during a week and was not paid time and a half for all hours she worked over forty (40).

A.      **Defendant Thomas Protective.**

8.      Defendant Thomas Protective Service is a Texas corporation with its principal office address on file with the Georgia Secretary of State as P. O. Box 883, Kaufman, Texas 75142.

9.      Defendant's registered agent for service of process is National Registered Agents, Inc., located in Gwinnett County, in this district and division.

10.     Defendant Thomas Protective had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

11.     At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

12.     Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

A.      **Plaintiff and other Security Guards' Employment with Defendant.**

13.     Plaintiff was employed by Defendant as a security guard.

14.     At all relevant times, Plaintiff and other Security Guards were "employees" of Defendant as that term is used in 29 U.S.C. § 203(e)(1).

15.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and other Security Guards within the meaning of the FLSA.

16. Throughout the relevant period, Defendant employed Security Guards in thirty-three states throughout the United States, including Plaintiff and similarly situated employees.

17. Upon information and belief (https://thomasprotective.com/about.html#ourServices), Defendant employs security guards in the following states:

   a. Georgia

   b. Florida

   c. South Carolina

   d. North Carolina

   e. Virginia

   f. Delaware

   g. Pennsylvania

   h. New Jersey

   i. New York

   j. Ohio

   k. Kentucky

   l. Tennessee

   m. Alabama

n. Mississippi

o. Indiana

p. Illinois

q. Michigan

r. Minnesota

s. Iowa

t. Missouri

u. Arkansas

v. Louisiana

w. Texas

x. Oklahoma

y. Kansas

z. Nebraska

aa. Wyoming

bb. Colorado

cc. New Mexico

dd. Arizona

ee. Nevada

ff. California

gg. Washington



18.  Plaintiff and other Security Guards employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

19.  At all relevant times, Plaintiff and other Security Guards were non-exempt employees for Defendant.

20.  Plaintiff's and other Security Guards' job duties included, but were not limited to, securing the client's premises and personnel by guarding entry points, verifying visitors, staying on patrol, monitoring surveillance equipment, and other routine, non-managerial, non-executive tasks.

21. In performing their job duties for Defendant, Plaintiff and other Security Guards did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

22. In performing their job duties for Defendant, Plaintiff and other Security Guards did not direct or supervise the work of any employees.

23. In performing their job duties for Defendant, Plaintiff and other Security Guards did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

24. In performing their job duties for Defendant, Plaintiff and other Security Guards did not exercise any discretion or independent judgment with regard to matters of significance.

25. Plaintiff's and other Security Guards' job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**B.     Plaintiff and other Security Guards' Unpaid Overtime.**

26. Defendant paid Plaintiff and other Security Guards an hourly rate for each hour worked.

27. Defendant denied Plaintiff and other Security Guards payment of overtime wage compensation required by the FLSA for all hours working in excess of 40

hours per workweek.

28. While Plaintiff and other Security Guards' schedule varied, they regularly worked in excess of 40 hours per workweek.

29. Defendant willfully and/or deliberately failed to pay Plaintiff and other Security Guards earned overtime wages for all hours worked in excess of 40 hours per workweek in violation of the FLSA.

30. Defendant maintained records of hours that Plaintiff and other Security Guards worked.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this case on her own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Thomas Protective Services Inc. as a Security Guard and were denied overtime wage compensation for all hours worked over 40 hours in a given work week.

32. Plaintiff, on behalf of herself and Collective Class members, seeks relief on a collective basis challenging Defendant's failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

33. The Collective Class is so numerous that joinder of all members is

impracticable. It is believed that the Collective Class includes over forty persons.

34. Plaintiff's claims and experiences are typical of that of the Collective Class members.

35. Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

36. This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

37. Common questions of law and fact predominate in this action, including but not limited to:

a. Identification of all persons in the Collective Class; and

b. Whether Defendant paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week.

38. Plaintiff has given his written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

39. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

40. At all relevant times, Defendant has been and was engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendant employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

42. At all relevant times, Defendant was an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

43. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

44. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Collective Class members overtime wages in violation of the FLSA for all hours worked over forty (40) during any one week.

45. Defendant maintained records of hours that Plaintiff and Collective Class members worked.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

47. Plaintiff and Collective Class members suffered damages due to Defendant's willful misconduct.

48. Due to Defendant's FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Plaintiff and Collective Class members;

B. Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and his counsel to represent the Collective Class members;

C.      Award of all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the Collective Class members;

D.      Award of liquidated damages to the Plaintiff and Collective Class members;

E.      Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F.      Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this May 19, 2022.

                                                 **HALL & LAMPROS, LLP**

                                                 /s/ *Andrew Lampros*
                                                 Andrew Lampros
                                                 Ga. Bar # 432328
                                                 Rachel Berlin Benjamin
                                                 Ga. Bar # 707419

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
andrew@hallandlampros.com

rachel@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.