## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Theresa Gurley, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 1:22-cv -02010-SDG |
| | § | |
| | § | |
| Thomas Protective Service, Inc., | § | |
| | § | |
| Defendant. | § | |

## <u>RENEWED JOINT MOTION TO APPROVE SETTLEMENT</u>

Plaintiff Theresa Gurley ("Plaintiff" or "Gurley") and Defendant Thomas Protective Service, Inc. (collectively "Defendant") (collectively referred to as the "Parties") file this Renewed Joint Motion to Approve Settlement ("Renewed Joint Motion") to correct deficiencies in the original motion [Doc. 26] filed August 7, 2023 and in response to the Court's Text Order on Motion for Settlement filed on August 14, 2023[1]

---

[1] The Parties also respectfully submit that they did not intend to ignore the Court's direction to file the settlement agreement. Defendant requested that the settlement agreement be filed under seal, and Plaintiff's counsel agreed to the submission of a request to file under seal with the Court. [Doc. 26]. Neither party realized that the request to file the settlement agreement under seal would be construed as contrary to the Court's direction to file the settlement agreement.

The Renewed Joint Motion attaches the fully executed Settlement Agreement. Furthermore, the Renewed Joint Motion and the attached Exhibits, including the Declaration of Gordon Van Remmen, attached as Exhibit 2, explains a typographical clerical relating to the hours billed on this case. This correction addresses concerns with respect to the settlement amount and the lodestar amount related to Plaintiff's attorney fees. The Parties collectively agree that the Settlement of this matter should be approved because it is a fair, reasonable, and adequate resolution of Plaintiff's claims.

The Settlement Agreement attached hereto as Exhibit "1" has been fully executed by all the Parties, after each has had the full opportunity to read and review the settlement agreement and discuss the same with counsel. The Parties now submit this joint motion to approve the settlement agreement, showing the Court the following:

## **PROCEDURAL BACKGROUND**

1.      On May 19, 2022, Plaintiff filed a Collective Action Complaint asserting claims against Defendants under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. [Doc. 1]. Plaintiff Theresa Gurley remains the sole Plaintiff and no collective class was certified.

2.      Plaintiff was employed by Defendant from approximately December 2021 through February 2022 as a security guard.

3.      Plaintiff's Complaint alleged that she worked in excess of 40 hours per week but was not paid overtime for all hours worked over 40 hours per week.

4.      Defendants deny Plaintiff's claims, contending that Plaintiff was paid in accordance with the FLSA and its implementing regulations and paid for all time worked.

5.      On June 11, 2022, Defendant filed a Motion to Transfer Venue and to Dismiss and Compel Arbitration.  [Doc. 8].  Defendant presented an Arbitration Agreement that Defendant claimed required Plaintiff to Arbitrate all employment litigation matters brought by Plaintiff.

6.      Plaintiff opposed the Motion to Transfer and to Dismiss and Compel Arbitration and claimed that the Plaintiff did not sign the Arbitration Agreement presented by Defendant.  [Doc. 12].

7.      On March 31, 2021, the Court denied the Motion to Transfer and Dismiss and Compel Arbitration Without Prejudice and directed the Parties to conduct limited discovery for 60 days concerning the matters related to the validity of the Arbitration Agreement and ordered the Parties to file a joint statement by June

15, 2023 outlining the remaining issues to be resolved and an estimate of time needed

or trial on those matters.  [Doc. 19].

8.    After the Court's Order, the Parties engaged in discovery regarding the

validity of the Arbitration Agreement and regarding Plaintiff's overtime claims. The

Parties exchanged documents in discovery and had numerous discussions regarding

the case at issue.

9.    Given their positions in this matter, a bona fide dispute exists between

the Parties.

10.    Given the bona fide disputes between the Parties and a thorough review

of the discovery produced, the Parties entered into settlement negotiations and were

able to reach a resolution that was agreeable to all Parties.

11.    On June 14, 2023, the Parties filed a Notice of Settlement.  [Doc. 23].

12.    On June 20, 2023, the Court Administratively Closed the case and

Ordered the Parties to file documents to dispose of the case within 60 days. [Doc.

24].

13.    On July 28, 2023, the Parties filed a Joint Motion for Settlement

Approval [Doc. 25].

14.    The Court, via email, directed that the settlement agreement be filed as

well.

15.    On August 7, 2023, the Parties filed a Joint Motion for Leave to File the Settlement Agreement Under Seal [Doc. 26].

16.    On August 14, 2023, the Court entered an order denying the Parties Motions [Doc. 25 and 26].

17.    The Parties now file this Renewed Joint Motion for Settlement Approval addressing the Court's August 14 Text Order.

## **THE SETTLEMENT**

18.    The gross value of the proposed settlement is $10,000.00.    The settlement proceeds will be distributed as follows: $5,000.00 in payments to Plaintiff and $5,000.00 in payments to Plaintiff's counsel as reasonable costs and attorney's fees. (See Exhibit A: Settlement Agreement). The $5,000.00 payment to Plaintiff is greater than the maximum alleged unpaid wages of $2,871.00 according to Plaintiff's calculations.[2] (See **Exhibit 2**, Declaration of Gordon Van Remmen ("Van Remmen Decl."), at ¶ 2).

19.    After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Plaintiff and her counsel believe the settlement as provided in this Agreement to be in the best interests of the Parties and represents a

---

[2] Plaintiff was able to secure a settlement for greater than actual unpaid wages due to the risk that liquidated damages and potentially attorneys' fees would be imposed on Defendant if Plaintiff's lawsuit was successful. Van Remmen Decl., at ¶ 3.

fair, reasonable, and adequate resolution of Plaintiff's claims. Plaintiff has been represented by counsel at all stages of the litigation and reached her settlement through an arms-length negotiation. Van Remmen Decl., at ¶ 4.

20.     Counsel for Plaintiff and Defendant reached a settlement through arm's length negotiations relating to the merits of the claims and defenses, which included discussions and analysis of the rate of pay, dates of employment, and FLSA non-willfulness.  Plaintiff and Defendant have discussed and considered the facts, have carefully calculated actual and potential damages and liability, have judiciously allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. *Id*. at ¶ 5.

21.     In exchange for a release of all Plaintiff's claims, the Parties were able to reach a reasonable settlement for a compromised amount of ten thousand dollars ($10,000.00).  This amount includes five thousand dollars ($5,000.00) in wages and liquidated damages to Plaintiff, and five thousand dollars ($5,000.00) in Plaintiff's attorneys' fees and costs. *Id*. at ¶ 6.

22.     Plaintiff agreed to this compromised settlement in order to ensure payments due under the Settlement Agreement.  This amount represents Plaintiff's full calculation for back wages, as well as a reduced amount for Plaintiff's attorneys' fees and costs. *Id*. at ¶ 7.

23.    The $5,000.00 payment to Plaintiff is greater than of the amount of
Plaintiff's counsel's calculation of the alleged unpaid wage damages of $2,871.00.
*Id*. at ¶ 8.

24.    Defendant disputes Plaintiff's counsel's calculation of alleged
damages, as well as liability for any damages in this case. Defendant maintains that
Plaintiff was properly paid for all overtime hours. *Id*.

25.    The attorneys' fees to Plaintiff's counsel, Hall & Lampros, LLP, is
based on a reasonable lodestar value of hours worked of $9,900.00 that Plaintiff's
counsel has reduced to $4,398.00 (a reduction of over 65%). Id. at ¶ 9. Plaintiff's
original motion for approval had a typographical error identifying total attorney's
hours as 11.8. Plaintiff's counsel apologizes for this clerical error. The actual hours
are 25.1. *Id*. Plaintiff attaches the declaration of Gorden Van Remmen explaining
this error and providing the time records for the 25.1 hours. *Id.; see also* Exhibit 2
to the Declaration of Gordon Van Remmen – Time Entries. Plaintiff's counsel
applied billing judgment; and the 25.1 hours does not include all hours worked on
the case. Plaintiff's counsels' experience and hourly rates are further outlined in the
Van Remmen Declaration, at ¶¶ 14-26.

26.    Plaintiffs' counsel's average realized hourly rate under this settlement
is $175.22. *Id*. at ¶ 10. Plaintiff's counsel did not include any time for drafting and

preparing post-settlement documents to be filed, and there is no time submitted for this renewed Motion. *Id.*

27.    Plaintiff's counsel incurred reasonable costs of $602.00 (for the filing fee and service of process).  *Id.* at ¶ 9; see also, Exhibit A to Gordon Van Remmen - Fee Summary.

28.    The Parties negotiated the amount of damages separately and before negotiating the amount of attorneys' fees and costs. *Id.* at ¶ 12.  The Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues. *Id.* at ¶ 13.

29.    The settlement is a fair and reasonable resolution of Plaintiff's claims. During the course of discovery, there was disputed evidence relating to the defenses of whether Plaintiff worked overtime or whether she properly reported her time; and whether the Arbitration Agreement is valid. Without the settlement, the Parties would have expended substantial resources litigating the arbitration issue.  The risk relating to the litigation of these issues (and time and expense) make settlement the best path forward for the Parties at this point in time.  *Id.* at ¶14.

30.    Plaintiff has been fully apprised of her potential damages, including the risks and expense posed by a trial. She has voluntarily chosen this compromise. Plaintiff benefits from an early resolution of the case because she avoids all further

risk and obtains relief now rather than waiting months or possibly years to receive any benefit. The settlement provides Plaintiff with an amount that is comparable to, if not more than, the damages likely to be proved at trial. Once fully informed and upon her consideration of the evidence, Plaintiff determined that settlement is in her best interest. *Id.* at ¶ 15.

## ARGUMENT AND CITATION OF AUTHORITY

31.　Under the principles set forth in *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), the case is ripe for the Court's review and hopeful approval.

32.　In determining whether the Parties' agreement is fair and reasonable, the Court should consider the following factors: (1) the absence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994). There is a strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). *See also Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th

Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources").

33.    Here, the Parties negotiated at arms-length and negotiated the amount of damages separately and before negotiating the amount of attorneys' fees and costs. Because there was no fraud or collusion, the settlement should be approved.

34.    Here, the complexity, expense, and likely duration of the litigation favors settlement. Without the settlement, the Parties would expend substantial time and resources litigating the arbitration issue as well as liability, willfulness, and damages under the FLSA.  The risks relating to the litigation of these issues (and time and expense) favor approving the settlement.

35.    Here, the Parties have completed preliminary discovery and exchanged hours and wage data related to Plaintiff's employment with Defendant.  This discovery allowed the Parties to determine the potential damages and risks more accurately in this case.  The stage of the proceedings and the amount of discovery completed favors approving the settlement.

36.    While Plaintiff believes her claims to be strong, there is always the possibility of failure when there is a factual dispute. The settlement fully

compensates Plaintiff for her alleges unpaid wages[3] and eliminates the inherent risks of moving forward with the litigation. The probability of Plaintiff's success favors approving the settlement.

37.    Here, Plaintiff's counsel had a full opportunity to investigate the merits of Plaintiff's claims and Defendants' defenses during the discovery period, which was completed in full, and has assessed the probability of Plaintiff's success on the merits, as well as the range of potential damages, as detailed above. The range of possible discovery favors approving the settlement.

38.    In the opinions of counsel who vigorously negotiating the settlement after numerous settlement discussions, the proposed resolution (including attorney's fees and costs) is a fair and reasonable comprise in a contested case. The opinions of counsel favors approving the settlement.

39.    Here, all the *Leverso* factors favor approval of the Parties' settlement.

40.    The compromise agreed upon by the Parties resolves all of Plaintiff's claims for attorney's fees and expenses under the FLSA, and Plaintiff has no responsibility to her counsel for any out-of-pocket sums outside of the settlement agreement.

---

[3] The $5,000.00 payment to Plaintiff is 174% of the maximum alleged unpaid wages of $2,871.00.[3] Van Remmen Decl., at ¶ 2.

41.    The Parties pray that upon consideration of the terms of the settlement, the Court approve same and thereafter dismiss this action with prejudice. A proposed order is included for the Court's convenience.

Respectfully submitted on this the <u>1st</u> day of September, 2023

<u>/s/ Gordon Van Remmen</u>
Andrew Lampros
Ga Bar No. 432328
Gordon Van Remmen
Ga Bar No. 215512
Hall & Lampros, LLP
300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100
andrew@hallandlampros.com
gordon@hallandlampros.com

*ATTORNEY FOR PLAINTIFF*

<u>/s/ Joshua D. Wilson</u>
Leslie Eason
Georgia Bar No. 100186
Joshua D. Wilson
*Pro Hac Vice*
Gordon Rees Scully Mansukhani LLP
55 Ivan Allen Jr. Blvd. N.W.
Suite 750
Atlanta, GA 30308
(404) 869-9054
leason@grsm.com
jdwilson@grsm.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

**HALL & LAMPROS, LLP**

By: *_/s/ Gordon Van Remmen_*
Gordon Van Remmen
Ga. Bar #215512